[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13484
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00309-CR-T-17MSS


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL GOODHEART,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 23, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Goodheart appeals his 60-month sentence for conspiracy to defraud the United States, 18 U.S.C. § 371. Reversible error has been shown; we vacate and remand for additional proceedings.

A jury convicted Goodheart, a prison psychologist, of joining a conspiracy within the prison that filed false and fraudulent income tax returns. He provided co-conspirators with social security numbers of inmates from prison system databases and helped circumvent the prison's mail system when sending out the fraudulent tax returns. The total actual amount of fraudulent refunds received by the conspirators was $902,487.87 while the total intended loss (based on the number of returns filed and the amount of funds requested) of the scheme was $2,733,525.00.

Over Goodheart's objection, the district court determined that the scope of the entire conspiracy reasonably was foreseeable to him and attributed the entire amount of the intended loss to him. Because the intended loss was over $2,500,000.00 and less than $7,000,000.00, Goodheart's base offense level of 6 was increased by 18 levels to 24. See U.S.S.G. § 2B1.1(a), (b)(1)(J).[1] While the

---

[1]For enhancement purposes, the greater of the actual or intended loss is used. U.S.S.G. § 2B1.1, comment. (n.3(a)).

guidelines calculations resulted in a range of 78 to 97 months, operation of the statutory maximum made Goodheart's guidelines range 60 months. See 18 U.S.C. § 371.

On appeal, Goodheart argues that the district court erred by attributing to him the full amount of the intended loss because the loss that occurred before his entry into the conspiracy should not be attributed to him.[2] He seeks a remand so that the court can determine the exact loss amount attributable to him. We review the district court's loss determination for clear error and questions of law under the sentencing guidelines de novo. United States v. Woodard, 459 F.3d 1078, 1087 (11th Cir. 2006).

"[T]he district court may hold all participants in a conspiracy responsible for the losses resulting from the reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy." United States v. Dabbs, 134 F.3d 1071, 1082 (11th Cir. 1998); see also U.S.S.G. § 1B1.3(a)(1)(B). But to determine the liability for the acts of others, the district court first must make individualized findings about the scope of criminal activity undertaken by a particular defendant. United States v. Hunter, 323 F.3d 1314, 1319-20 (11th Cir. 2003); see also U.S.S.G. § 1B1.3, comment. (n.2).

_____

[2]Goodheart does not dispute the total of the intended loss, just the portion of that loss that should be attributed to him.

3

Here, the district court erred in attributing the entire intended loss amount to Goodheart because trial testimony made clear that he joined the conspiracy after its inception. See id. (explaining that "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy [before] the defendant's joining the conspiracy, even if the defendant knows of that conduct"); United States v. Word, 129 F.3d 1209, 1213 (11th Cir. 1997) (it is erroneous to hold a defendant liable for loss resulting from before the defendant joined the conspiracy).

And the district court made no required individualized findings about when Goodheart joined the conspiracy. While trial testimony suggested that Goodheart joined the conspiracy in June 2002, neither the indictment nor the district court's speculation about Goodheart's close proximity to the leaders of the conspiracy established a specific date. Thus, it is unclear what loss occurred before Goodheart joined the conspiracy and how much of the intended loss should be attributed to him. And it was the obligation of the district court to make these determinations. See Hunter, 323 F.3d at 1319-20. Therefore, we vacate and remand so that the district court can make the appropriate findings and determine the proper amount of loss attributable to Goodheart.

VACATED AND REMANDED.

4